EVAN FINKEL (100673)
evan.finkel@pillsburylaw.com
MICHAEL S. HORIKAWA (267014)
michael.horikawa@pillsburylaw.com
CHAZ M. HALES (324321)
chaz.hales@pillsburylaw.com
PILLSBURY WINTHROP SHAW
PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Tel: 213.488.7307: Fax: 213.226.4058

SHEILA N. SWAROOP (203,476)
Sheila.Swaroop@knobbe.com
WILLIAM O. ADAMS (259,001)
William.adams@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Tel: 949.760.0404; Fax: 949,760.9502

NICHOLAS A. BELAIR (295,380)
Nicholas.Belair@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR, LLP
333 Bush Street, 21st Floor
San Francisco, CA 94104
Tel: 415.954.4111; Fax: 415.954.4111

CALLIE A. BJURSTROM (137816)
callie.bjurstrom@pillsburylaw.com
PILLSBURY WINTHROP SHAW
PITTMAN LLP
501 West Broadway, Suite 1100
San Diego, CA 92101-3575
Tel: 619.544.3107; Fax: 619.236.1995

**Attorneys for Plaintiff
MICROVENTION, INC.**

ALEXANDER D. ZENG (317,234)
Alexander.zeng@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Tel: 310.551.3450; Fax: 310.551.3458

**Attorneys for Defendant,
BALT USA, LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MICROVENTION, INC., a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>BALT USA, LLC, a Delaware Limited Liability Company,<br><br>　　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 8:19-cv-01335-JLS-KES<br><br>[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE KAREN E. SCOTT]<br><br>[PROPOSED] STIPULATED ORDER GOVERNING THE DISCOVERY OF ELECTRONICALLY STORED INFORMATION<br><br>Honorable Josephine L. Staton |

-1-

# ORDER GOVERNING THE DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The Court hereby enters the following Stipulated Order Governing the Discovery of Electronically Stored Information ("ESI").

1. This Order supplements all other discovery rules and orders. It streamlines ESI production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. Any practice or procedure set forth herein may be varied by agreement of the parties and/or third parties (where applicable), confirmed in writing, where such variance is deemed appropriate to facilitate the timely and economical production of documents.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall include the metadata fields and meet the specifications in **Appendix A**.

   a. The parties are to produce responsive ESI intact at the family level, including all attachments; however, a party need not produce attachments to items included on a privilege log unless those items are responsive, unique, material, non-duplicative and not privileged.

   b. The parties may use technology to reduce the burden and expense of reviewing and producing documents and ESI, including threading, deduplication, de-NISTing, conceptual clustering, predictive coding or other assistive technologies, provided their use is supervised and validated by competent outside counsel. A party may produce only the most inclusive email in an email chain in lieu of producing every responsive, non-privileged individual email ("thread suppression"), provided that the

inclusive email contains all message contents and attachments in the chain. The parties may (but shall not be required to) apply deduplication to their productions, provided the list of custodians identified in the appropriate load file field includes the custodians whose deduplicated versions of a document are not being produced. In the case of emails, a parent email along with its associated attachments is considered a single document for purposes of deduplication. A Party is only required to produce a single copy of a responsive document or email family. Parties may de-duplicate stand-alone documents or entire email families globally using MD5 or SHA-1 hash value matching. Parties are not required to produce embedded files if the relevant portion thereof is reflected in the version of document that is produced. Parties may omit from their productions superfluous logo files and email footers.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email families or other forms of electronic correspondence (collectively "email"). To obtain email families, parties must propound specific email production requests.

    a. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

    b. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

    c. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

    d. Defendant shall limit its email production requests to the inventors listed on the face of the patents being asserted, and a total of five additional custodians.

Plaintiff shall limit its email production requests to the persons identified by name in paragraphs 10-12 of the Complaint (Dkt. No. 1), and a total of five additional custodians. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to three additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

e. Each requesting party shall limit its email production requests to a total of seven search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to three additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word (e.g., "pat." or "patent", "infringe" or "infringement") including variants of a party's name (e.g., "MVI" or "MicroVention"), or are a combination of the patents at issue in this case (e.g., "Patent A" or "Patent B" or "Patent C" or "Patent D"). Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant

to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

7. Section 12 of the Protective Order entered in this section titled "INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL" shall apply by its terms to ESI produced in this case.

IT IS STIPULATED AND PROPOSED, THROUGH COUNSEL OF RECORD.

DATED: October 25, 2019              PILLSBURY WINTHROP SHAW
                                     PITTMAN LLP


                                     By:  /s/ Evan Finkel
                                          Evan Finkel (SBN 100673)
                                          Evan.Finkel@pillsburylaw.com
                                          **Pillsbury Winthrop Shaw Pittman LLP**
                                          725 South Figueroa Street, Suite 2800
                                          Los Angeles, CA 90017-5406

                                          Attorneys for Plaintiff
                                          MICROVENTION, INC.

DATED: October 25, 2019              KNOBBE, MARTENS, OLSON & BEAR,
                                     LLP


                                     By:  /s/ Sheila N. Swaroop
                                          Sheila N. Swaroop (SBN 203,476)
                                          Sheila.Swaroop@knobbe.com
                                          **Knobbe, Martens, Olson & Bear, LLP**
                                          2040 Main Street, Fourteenth Floor
                                          Irvine, CA 92614

                                          Attorneys for Defendant
                                          BALT USA, LLC

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED


DATED:_____

_____
United States District Judge / Magistrate Judge

-5-

## Appendix A

**IMAGES**

TIFF images for each produced record shall be provided as Group IV, 300-dpi single page TIFF files named "<PageID>.TIF (e.g., "ECY00000005.TIF") with no spaces in the file name.

TIFF images will be provided in a folder called "IMAGES" on the production media. All TIFF images for a single document will be in one subfolder within the IMAGES folder, and the number of image files in any one subfolder will not exceed 1000.

**DATA FILES**

Associated metadata for each produced record will be produced in a Concordance load file format (.dat) and include the following fields, extracted from the original native, if available, or populated by the producing party as needed:

- BEGDOC
- ENDDOC
- PAGECOUNT
- BEGATTACH
- ENDATTACH
- ATTACHCOUNT
- CUSTODIAN(S)
- FILENAME
- FILEEXT
- FOLDER
- FILESIZE
- MD5HASH
- AUTHOR
- TITLE
- LASTMODDATE
- LASTMODTIME
- CREATEDDATE
- CREATEDTIME
- EMAIL_FROM
- EMAIL_TO
- EMAIL_CC
- EMAIL_BCC

- EMAIL_SUBJECT
- EMAIL_DATERCVD
- EMAIL_TIMERCVD
- EMAIL_DATESENT
- EMAIL_TIMESENT
- DESIGNATION (i.e. level of confidentiality if any (e.g. "Confidential" or "Attorneys' Eyes Only")
- TEXTLINK
- NATIVELINK

All of the above metadata field information that is available from the native ESI source files will be extracted therefrom and will not be altered or modified from the original.

A properly formatted Concordance .opt or image load file will be produced with the TIFF images and the extracted or OCR-rendered text files (described below), which links the TIFF images and any native files to the Concordance-type database records. There should be a BEGDOC number in each Concordance .dat load file that corresponds with the name of each production TIFF image in the .opt file.

Metadata and image load files (.dat and .opt) will be provided in a folder called "DATA" on the production media.

With respect to materials collected from productions in prior litigations, such materials shall be produced with the metadata reasonably available from the prior litigation production and there shall be no requirement to create new metadata for such production.

**TEXT FILES**

Extracted text will be produced for all ESI records and all imaged hard copy documents in a document-level, multi-page text file format, with a corresponding path reference appearing in the TEXTLINK field of the load file. If a record does not have extractable text (e.g. hard copy documents, non-searchable .pdfs or images), then an industry-standard optical character recognition process will be executed and OCR-rendered text will be provided in the multi-page text file instead. The filename of each text file will equal the production BEGDOC number of the corresponding page and have a .txt file extension. The text files will be provided in a folder called "TEXT" on the production media.

4812-7499-9722.v2

[Proposed] Stipulated Order Governing Discovery of ESI
Case No. 8:19-cv-01335-JLS-KES

**FILE TYPES AND NATIVES**

The parties anticipate that reasonably accessible, standard files of the types ordinarily used by the parties in the ordinary course of business will be subject to discovery. The parties shall have no obligation to produce cookies, embeddings, deleted, shadowed or fragmented files, residual data, cached or temporary files, or any ESI that would only be preserved by taking a forensic (bit stream) image of a hard drive.

File types which do not render in a usable manner when converted to image with extracted text, such as spreadsheets, databases and multimedia files shall be produced as natives with a TIFF slipsheet indicating this. The parties each reserve the right to request and receive native files for produced records where visibility, usability or functionality is impaired by the TIFF and extracted text formatting.

The filename of each native file will equal the production BEGDOC number of the corresponding page and have the same file extension as the original, with a corresponding path reference appearing in the NATIVELINK field of the load file. Native files will be provided in a folder called "NATIVES" on the production media.

**TIME ZONE**

The time stamps and metadata for all records shall be normalized to Pacific Standard Time or Pacific Daylight Time, as appropriate for the particular time of year.

**HIDDEN CONTENT and TRACKED CHANGES**

MSWord and other word processing files will be rendered to TIFF so as to show tracked changes, hidden text, comments, headers, and field codes. PowerPoint and other presentation slides will be rendered to TIFF with full page slides, with all hidden slides and comments visible, and with any notes summaries appended at the end.