*Counsel listed on signature page*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MICROVENTION, INC., a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>BALT USA, LLC, a Delaware Limited Liability Company,<br><br>　　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 8:19-cv-01335-JLS-KES<br><br>**PARTIES' RESPONSE TO AUGUST 3, 2020 ORDER (ECF 44) REGARDING WHETHER ANY PARTY INTENDS TO SEEK A STAY OF THIS ACTION**<br><br>Hon. Josephine L. Staton<br><br>Courtroom: 10-A |

　　　Plaintiff MicroVention, Inc. ("MVI") and Defendant Balt USA, LLC ("Balt") hereby provide the below response to the Court Order Modifying Pretrial Scheduling Order (ECF 44) as it relates to whether any party intends to seek a stay of this action:

**Plaintiff MVI Opposes a Stay:** Balt is a direct competitor accused of using former MVI employees to develop its infringing "copy" of MVI's patented product. IPR was filed on *only one* of three patents. It is based on prior art already considered by the Patent Office. For that reason alone, the IPR should be denied. 35 U.S.C. §325(d) (last sentence). Balt waited until two days before the 1-year bar to file an IPR relying on the *same prior art* raised in its invalidity contentions served *8 months ago*. Balt's dilatory tactics militate against a stay. The parties have been conferring for months regarding Balt's production of confidential MVI documents in Balt's possession used to develop its infringing product. Balt has promised to produce this and other critical documents by Aug. 14, 2020. This production should go forward. The exchange of email discovery *currently in process* should proceed. The IPR asserts no claims need be construed in the IPR; claim construction should proceed here. The IPR decision is due by Jan. 24, 2021. A stay is unlikely to conserve judicial resources or streamline the litigation.

**Defendant Balt Intends to Seek A Stay:** Balt disputes MVI's accusations and suggests that the Court stay this action at least until the PTO decides whether to institute Balt's timely-filed IPR. The three stay factors favor one here. *Rembrandt Wireless Techs., LP v. Qualcomm Inc.*, 8-19-cv-00705-JLS-JDE (C.D. Cal. April 9, 2020). Fact discovery closes Feb. 2021, *Markman* is Sept. 22, 2020, and no trial date has been set. *See id.* (granting stay when "the Court has yet to hold the claim construction hearing or set a trial date [and] expert discovery has not even begun.") The IPR uses the prior art disclosure of the other asserted patents to challenge the '338 patent. A successful IPR will simplify issues. *See DivX, LLC v. Netflix, Inc.*, CV 19-1602, 2020 WL 3026034 (C.D. Cal. May 11, 2020) at *3 (staying based on IPRs of a subset of asserted patents, finding that "judicial resources would be better served by at least waiting to see the outcomes of Defendants' pending IPR petitions."). There is no risk of undue prejudice, at least because the requested stay and "IPR proceedings are finite in duration." *Id.*

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:  August 7, 2020 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| 3 | | |
| 4 | | By:_____/s/ Evan Finkel_____ |
| 5 | | Evan Finkel |
| 6 | | Callie A. Bjurstrom<br>Michael S. Horikawa<br>Chaz M. Hales |
| 7 | | |
| 8 | | Attorneys for Plaintiff<br>MICROVENTION, INC. |
| 9 | | |
| 10 | Dated: August 7, 2020 | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| 11 | | |
| 12 | | By:_____/s/ Sheila N. Swaroop_____ |
| 13 | | Sheila N. Swaroop<br>William O. Adams |
| 14 | | Nicholas A. Belair<br>Alexander D. Zeng |
| 15 | | Attorneys for Defendant<br>BALT USA, LLC |

### FILER'S ATTESTATION

Pursuant to Civil L.R. 5-4.3.4(a)(2) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained.

　　　　　　　　　　　　　　　　　　/s/ Evan Finkel　　　　　　　　
　　　　　　　　　　　　　　　　　　Evan Finkel

- 2 -